I agree that the defendants are immune because they were exercising a discretionary function in deciding whether and when to remove the rails, but I do not agree with the full adoption of comment f to § 895D of the Restatement (Second) ofTorts. This Court, in Barnes v. Dale, 530 So.2d 770, 784
(Ala. 988), cited that comment as "suggest[ing] the following factors to be considered in determining what is a discretionary function," and then gave a paraphrase of eight factors. Again, in Phillips v. Thomas, 555 So.2d 81, 84 (Ala. 989), the Court quoted the paraphrases found in Barnes. I agree that the first three factors stated in Barnes are pertinent to the decision on discretionary versus ministerial function. I do not necessarily agree that the fourth through eighth factors are pertinent, although some of them may be pertinent in some circumstances. I do not agree with all of the factors expressed in the full quotation from the Restatement comment that is adopted in the majority opinion in this case. For example, the factors "Could the injured party have avoided the injury by his own action?" and "Could he have insured against it?" seem to have no relevance to the question of whether the defendant was performing a discretionary function. The availability to the Taylors of automobile or medical insurance is not relevant *Page 834 
to the question of whether the defendants were performing a discretionary function in deciding whether to remove the rails.
This does not strike me as a close case on the question of discretionary function immunity. The only difficulty stems from the Court's reference in its original opinion to cases applying the qualified immunity standard for actions under 42 U.S.C. § 1983. That standard is not applicable in cases such as this, and, even if it were, an allegation of a failure to follow an administrative regulation does not defeat a defense of qualified immunity in a § 1983 action. See Davis v. Scherer,468 U.S. 183, 193-96, 104 S.Ct. 3012, 3018-20, 82 L.Ed.2d 139
(1984). Furthermore, to the extent that the administrative regulations in question were adopted to comply with Congressional conditions on the receipt of Federal highway funds, see 23 U.S.C. § 152(a) and 402, I question whether the adoption of rules for such a purpose could overcome the discretionary function immunity of State officers acting in the line and scope of their authority.
I agree with the majority that Grant v. Davis, 537 So.2d 7
(Ala. 988), is squarely applicable to this case. The rationale therein clearly supports the conclusion that the defendants in this case were performing a discretionary function relative to the removal of the rails. They were therefore immune from liability in a negligence action, and the trial court correctly entered the summary judgment in their favor.